UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NANCY LORD AND LAWRENCE MOORE,

Plaintiffs,

v.

NYE COUNTY, et al.,

Defendants.

No. 2:15-cv-0296-LDG-NJK

ORDER

This action arises out of Nye County's seizure pursuant to a search warrant of a number of dogs at plaintiff Nancy Lord's property which were allegedly in violation of Nye County's ordinances involving the number of dogs at the location, their licensing, and their running at large or creating a nuisance. Ten of such dogs apparently remain at the Nye County Animal Shelter. This action was commenced February 19, 2015, several days after the filing of an amended criminal complaint charging Lord with 52 violations relating to the dogs. On February 20, 2015, this court entered a temporary restraining order protecting the impounded dogs pending briefing and a hearing. On March 16, 2015, the court conducted the hearing. After a consideration of the arguments and authorities, the court determines to dissolve the temporary restraining order and deny plaintiffs' request for preliminary injunctive relief.

To obtain a preliminary injunction or restraining order, plaintiffs are required to demonstrate (1) a strong likelihood of success on the merits, (2) a likelihood of suffering irreparable harm, (3) that the balance of hardships tips in their favor, and (4) that the relief is in the

public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  In this instance, the court finds that plaintiffs have failed to show a likelihood of success on the merits based on the application of the Younger doctrine.  In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts are required to abstain from hearing claims for injunctive or declaratory relief when the assumption of jurisdiction would interfere with pending state proceedings.  Abstention is appropriate in favor of state proceedings if (1) the state proceedings are ongoing, (2) the proceedings implicate important state interests, (3) the state proceedings provide the plaintiff an adequate opportunity to litigate federal constitutional questions, and (4) the requested relief seeks to enjoin, or has the practical effect of enjoining, ongoing state proceedings.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  If these circumstances exist, then "a district court must dismiss the federal action ... [and] there is no discretion to grant injunctive relief."  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 816 n. 22, (1976).  The only exceptions to the mandatory abstention under the Younger doctrine is when the state proceedings are instituted in bad faith, or if other extraordinary circumstances exist.  Younger, 401 U.S. at 53-54.

Here, each of the prongs satisfying Younger abstention have been met.  First, a criminal case linked to the subject matter of this action is ongoing the Township of Pahrump Justice court against Lord.  Plaintiff Moore has not been charged in that case, but neither has he shown standing as owner of any of the dogs at issue.

Second, an important state interest is implicated.

> The Younger doctrine recognizes that a state's ability to enforce its laws, against socially harmful conduct that the [s]tate believes in good faith to be punishable under its laws and Constitution is a basic state function with which federal courts should not interfere.  Where the state is in an enforcement posture in the state proceedings, the important state interest requirement is easily satisfied, as the state's vital interest in carrying out its executive functions is presumptively at stake.

Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 883-84 (9th Cir. 2011) (citations and quotations omitted).

Third, the declaratory and injunctive relief sought by plaintiffs in this action allege violations of the United States and Nevada Constitutions because Title 6 of the Nye County Ordinances (especially related to 6.06.040 (dogs and cats limits) and 6.06.080 (animals running at large)): (1) permit seizure of animals without notice and a hearing, (2) violate the legislative intent of NRS 244.359 for imposing criminal penalties, (3) fail to take into account different living arrangements for residents of a single location, (4) are ex post facto laws, (5) chill the plaintiffs' expression under the first amendment, (6) compel persons to give compulsory testimony, (7) permit taking without just compensation, (8) impose cruel and unusual punishment, (9) allowed, in this case, the seizure of the dogs based on an invalid search warrant, (10) permitted, in this case, entrapment by estoppel, (11) failed, in this case, to provide sufficient public notice during enactment, and (12) are ultra vires and violate equal protection. Each of these claims for relief can be raised in the criminal case in Pahrump as they would invalidate or serve as defenses to the laws under which Lord is being prosecuted. Also, state courts have concurrent jurisdiction to consider federal constitutional violations.

Fourth, plaintiffs' claims have the practical affect of enjoining the state criminal action by challenging the constitutionality of Title 6 of the Nye County Ordinances. The classic instance of the application of Younger abstention involves a plaintiff seeking to avoid prosecution under a criminal statute by challenging the constitutionality of the statute in federal court. Lord argues that she is not seeking to avoid prosecution in the criminal case, but only wants to get her dogs back. However, whether or not plaintiff claims to be seeking to avoid prosecution, her challenge of the Nye County Ordinances in this case has the practical effect of enjoining the state criminal action.

Finally, plaintiffs have not made an adequate showing of bad faith in the institution of the criminal proceedings to amount to the flagrant and patent violation of constitutional guarantees required under the exception to Younger abstention. Nor have plaintiffs raised the existence of any extraordinary circumstances. The court notes that Nye County Ordinance 6.06.090(B)

implicitly provides for the maintenance and welfare of the dogs impounded before or during the criminal proceedings by requiring their return if the owner prevails. Accordingly,

THE COURT HEREBY ORDERS that the temporary restraining order entered on February 20, 2015 (#6) is DISSOLVED.

THE COURT FURTHER ORDERS that plaintiffs' motion for temporary restraining order (#3) is DENIED.

Dated this __18__ th day of March, 2015.

_____
Lloyd D. George
United States District Judge

4